UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-80664-AMC/BER

ALLEY, MAASS, ROGERS & LINDSAY, P.A.,

        Plaintiff,

vs.

PRETZEL LTD, and
PECUNIA BUSINESS DEVELOPMENT LTD.

        Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS COMPLAINT [ECF No. 13]

In or about November 2021, Pretzel Ltd ("Pretzel") was selling the motor yacht "Element" to a third party. ECF No. 1, ¶12. Pecunia Business Development Ltd ("Pecunia") claimed to have a mortgage on the yacht. *Id.*, ¶13. Pretzel disputed that a valid mortgage existed. *Id.*, ¶15. To allow the sale to close and for clear title to transfer, Pretzel and Pecunia (collectively "Claimants") agreed that Pecunia would release the mortgage in return for 2.1 million Euros of the sales proceeds being held in escrow until Pecunia's claim could be adjudicated. *Id.*, ¶12 and Ex. A. Plaintiff Alley, Maass, Rogers & Lindsay, P.A. ("Alley Maass") is a law firm that has held the escrowed funds since in or about November 2021. *Id.*, ¶17 and Ex. A.

Alley Maass seeks to interplead the escrowed funds and asks for a declaratory judgment that it is "discharged from all liability in connection with said funds." *Id.* at 4. Alley Maass also asks for an injunction preventing the Claimants from filing

other lawsuits regarding the escrowed funds, and asks for an award of attorneys' fees under the terms of the Escrow Agreement. *Id*. Pecunia says the interpleader complaint must be dismissed for lack of subject matter jurisdiction. ECF No. 13 (citing Fed. R. Civ. P. 12(b)(1)).

A complaint must include a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Here, the Complaint alleges that subject matter jurisdiction exists under 28 U.S.C. §§ 1335(a)(1) and (2). ECF No. 1, ¶5. That statute says, in relevant part:

> The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more . . . if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . .; and if (2) the plaintiff has deposited such money or property . . . into the registry of the court.

So, this Court has subject matter jurisdiction here only if (1) the Claimants are of diverse citizenship and (2) Alley Maass has deposited the escrow funds into the Court registry.

Pecunia says the Complaint must be dismissed for lack of jurisdiction because (1) it fails to plead diversity of citizenship between Pretzel and Pecunia, and (2) Alley Maass has not deposited the contested funds into the registry of the Court. Fed. R. Civ. P. 12(b)(1).[1] Although not entirely clear, it appears Alley Maass says the diversity requirement is met because it is diverse from the two Claimants and is seeking

---

[1] Pecunia does not dispute that the Complaint plausibly alleges that more than $500 are in controversy.

2

declaratory relief, an injunction, and attorneys' fees. ECF No. 15. It concedes that it has not deposited the escrow funds into the Court registry, but says, "[A]n order from this Court permitting the payment (and the filing of an amended complaint) will cure the defect." ECF No. 15.

Pecunia replies that Alley Maass' citizenship is irrelevant because the interpleader statute requires diversity among the Claimants, which does not exist here. ECF No. 16. Pecunia also argues that a claim for declaratory relief cannot, by itself, create subject matter jurisdiction. *Id*. Finally, Pecunia notes that the Complaint summarily alleges Claimants' citizenship, but fails to plead the citizenship of their respective members. *Id*.

Pecunia's Motion to Dismiss should be granted because, as Alley Maass concedes, Section 1335's requirement of depositing the funds into the Court registry has not been satisfied. Also, on its face, the Complaint fails to allege that Claimants are diverse.

That dismissal should be without prejudice because I cannot say it would be futile to grant Alley Maass leave to file an amended complaint. *See Bryant v. Dupree,* 252 F. 3d 1161, 1163 (11th Cir. 2001). It may be that diversity exists among one or more of the members of the different Claimants. It also may be that, consistent with Fed. R. Civ. P. 11, Alley Maass can plausibly allege a different statutory basis for subject matter jurisdiction. *See Allstate Ins. Co. v. Young,* 923 F. Supp. 1559, 1561-62 (S.D. Ga. 1996) (declining to decide whether diversity jurisdiction existed under 28 U.S.C. §1332 because that jurisdictional basis had not been pled in the complaint).

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss without prejudice. If Alley Maass wishes to file an Amended Complaint, it should comply with the procedure in Local Rule 15.1.

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 5th day of October 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE